*81 The opinion of the court was delivered by
Horton, C. J.:
A bridge was needed in Douglass township, Butler county, across the Little Walnut river. Its estimated cost was $1,300. The county of Butler agreed to pay $1,000 of this sum; $200 was raised by individual subscriptions, and Douglass township agreed to repay $100, to plaintiff, if he would take the contract for the construction of the bridge, and have it erected. The plaintiff, relying upon.the promise of the township, had the bridge erected, and paid $100 towards the erection thereof. Afterward he made out his account against said township, and presented it to the township board for allowance. The board refused to allow or pay the same, on the ground that the contract was beyond the power of the township officers, and unauthorized by law. On the 16th day of June, 1880, plaintiff commenced an action before a justice of the peace to recover the said $100 and interest, which resulted in a judgment for plaintiff.. The defendant took the case by appeal to the district court, and the cause came on for hearing at the September term, 1880. The defendant demurred to the bill of particulars, on the ground that it did not state facts sufficient to constitute a cause of action; the court sustained such demurrer, and dismissed the action. Plaintiff brings the case here.
The only question before us is, whether the township board ' had the power to make the contract to pay plaintiff the $100 for the bridge. We think the contract a valid one, and that the court committed error in ruling otherwise. Apart from ch. 33, Laws of 1870, which provides that any township may issue bonds, upon a vote of the people, for the building of bridges, there are other legislative enactments conferring power upon township officials in reference to bridges. «Subdivision 5, §1, p. 919, Comp. Laws 1879,provides: “The words ‘highway’ and ‘road’ include public bridges.” Subdiv. 8, §22, ch. 110, p. 980, Comp. Laws 1879, prescribes that the township trustee— ,
“ Shall superintend all the pecuniary concerns of his town *82 ship, and shall, at the July session of the board of county commissioners, annually, with the advice and concurrence of said board, levy a tax on the property of the citizens of said township for township, road and other purposes, and report the same to the county clerk, who shall enter the same on the proper tax roll in a separate column or columns, and the treasurer shall collect the same as other taxes are collected; but, in a failure of such trustee and commissioners to concur, then the board of county commissioners shall levy such township, road and other taxes.”
Then the third subdivision of the same section requires such trustee “to see to a proper application of all moneys belonging to his township, for road and. other purposes.”
Again, sec. 26, ch. 108, Law's of 1874, p. 814, Comp. Laws 1879, prescribes:
“The township treasurers shall receive from the county treasurers the road taxes paid within their respective townships, and the same shall be appropriated to the building of bridges and the repairing of roads in their respective townships, and the purchase of the requisite number of scrapers and plows for repairing roads.”
These various provisions of the statute give authority to townships for levying taxes for roads (bridges), and require the township officers to appropriate the proceeds of the levies' to the. building of bridges, and specially prescribe that the township trustee shall attend to a proper application of the moneys of his township for road (bridge) purposes. Ch. 31 of the Laws of 1870, as amended in 1871, confers additional or further power upon towmships, whereby the officers thereof, under the restrictions and regulations therein mentioned, are empowered to issue the bonds of the township for any sum ' necessary, not greater than ten per cent, of the taxable property of the township, for the purpose of building bridges. But the enactment of the latter statute does not deprive the townshijis of the authority conferred under the various sections above referred to. We do not perceive any valid reason why a township and a county may not conjointly contribute towards the building of a bridge, if the authorities thereof choose so to do. Counsel for defendant contend that the sev *83 eral sections of the statute imposing upon township officers the duty of opening roads (bridges) refer to small bridges or culverts only, and not to the kind involved in this case. This concession gives to townships all the authority claimed in this instance. If they have the power to contract for small bridges or culverts, as the amount agreed to be paid in this case was limited to $100, the authority to make the contract under such concession cannot well be disputed. It is as advantageous and beneficial for the people of a township to have a bridge constructed over a fiver or other large stream within the township as over a small creek or stream. In our opinion, the bill of particulars filed before the justice was not defective, and stated facts sufficient to constitute a cause of action against the township.
The judgment of the district court will be reversed, and the case remanded.
All the Justices concurring.