THE STATE OF KANSAS, *ex rel.*, &c., v. JACOB STUDT, *et al.*

TOWNSHIP BONDS; *Statute Repealed by Implication.* Where a later statute covers the entire subject-matter of a prior act, and embraces new and different provisions plainly indicating that it was intended as a substitute therefor, it will, without any express declaration to that effect, operate as a repeal of such former act; and *held,* that under this rule, chapter 68 of the Laws of 1872, as amended by chapter 39, Laws of 1874, repealed chapter 33, Laws of 1870, as amended by chapter 48, Laws of 1871.

### *Original Proceedings in Mandamus.*

ACTION brought in this court, September 18, 1883, on the relation of the county attorney of Cloud county, against the township board of the township of Solomon, in said county, to compel it to issue certain bridge bonds. The township treasurer filed his separate answer to the alternative writ; but *Jacob Studt,* as trustee of that township, and the clerk thereof, filed a general demurrer thereto. The opinion herein, filed at the January, 1884, session of the court, contains a sufficient statement of the facts.

*J. W. Sheafor,* county attorney, and *F. W. Sturges,* for plaintiff.

*Theo. Laing,* and *Holt & Fowler,* for defendants.

The opinion of the court was delivered by

BREWER, J.: In 1883, by chapter 159, Laws 1883, the legislature authorized the township of Solomon, in the county of Cloud, to issue bonds for building bridges in a sum not exceeding $7,000, in addition to the amount of bonds it was already entitled to issue by law, with the proviso that the manner of issuing said bonds should be in all respects as already provided by law for issuing township bonds. Under this authority an election was held, at which more than a majority, but less than three-fifths, of the votes were cast in favor of issuing the bonds. In 1870, township bonds for

bridge purposes were authorized to be issued on a vote of a majority of the qualified voters at an election called therefor. (Laws 1870, ch. 33, and Laws 1871, ch. 48.) In 1874, such bonds were authorized to be issued on a vote of three-fifths of those voting. (Laws 1872, ch. 68, and Laws 1874, ch. 39.)

The contention of defendants is, that these later laws superseded the former, and as three-fifths of the votes cast at this election were not in favor of issuing the bonds and building the bridges, no authority to act therein was granted. The simple question therefore is, whether the earlier statutes are superseded by the later. It is not pretended that the former are in terms repealed; but the contention is, that the latter are in the nature of a substitute for, and therefore supersede the former. It is familiar law that a later statute will operate as a repeal of a former, though it contains no express repeal, and even though its provisions are not absolutely repugnant to those of the former, whenever it is obvious that the one was intended as a substitute for the other. The rule is thus stated by Mr. Justice Field, in the case of the *United States v. Tynen,* 11 Wall. 92:

"Even where two acts are not in express terms repugnant, yet if the later act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act."

See also the following cases: *Davies v. Fairbairn,* 3 How. 636; *Bartlett v. King,* 12 Mass. 537; *Commonwealth v. Cooley,* 10 Pick. 36; *Pierpont v. Crouch,* 10 Cal. 315; *Sacramento v. Bird,* 15 id. 294; *Swann v. Buck,* 40 Miss. 269; *Norris v. Crocker,* 13 How. 429; Sedgwick on Stat. and Const. Law, 124.

We think this rule obtains, and that the law of 1870, with its amendments in 1871, was repealed by the law of 1872, and its amendment in 1874. The latter law covers the whole subject-matter of the first; embraces new and different provisions, and was obviously intended to cover the entire field of such legislation. A slight comparison will in-

dicate this. The law of 1870 applied to municipal townships alone, and only gave authority to issue bonds for building bridges. The other applies to counties, cities, and townships, and authorizes bonds for bridges, railroads, and other matters. The one authorized the issue of bonds up to ten per cent. of the taxable property, and required only a majority vote. The other authorizes bonds in amount not exceeding, inclusive of all other indebtedness, five per cent. of the taxable property, and requires a three-fifths vote. The one provided for bonds of not less than $50 each, the other of not less than $100 each. By the one the bonds were to be made payable where the officers of the township directed, and by the other at such place in the city of New York as should be directed. By the one a petition signed by twenty-five voters was a prerequisite to an election, and by the other a petition of two-fifths of the voters. Without pursuing this comparison further, it is obvious that the latter statute covers the entire ground of the former, embraces new and different provisions, and was obviously intended as a substitute. Evidently the legislature intended to establish one uniform law, covering these various municipalities, and providing for the issue of bonds for these different purposes, and to that end enacted the law of 1872, with its amendment of 1874. Under this, as three-fifths of the votes were not in favor of the question submitted, it failed to carry, and the defendants had no authority to act.

Counsel refer to the case of *Uhl v. Township of Douglass*, 27 Kas. 80, in which we spoke of the law of 1870 as still in force. But the question now presented was not suggested at that time, and for the purpose of that case it was immaterial whether the law of 1870–1871, or that of 1872–1874, was in force. The decision has no bearing upon the question here presented, and there is nothing said in the opinion which properly considered ought to interfere in the least with a full inquiry at the present time.

The judgment will therefore be entered in favor of the defendants for costs.

All the Justices concurring.