THE STATE OF KANSAS v. C. H. MENKE.

No. 10318.

1. BANK—*Receiving Deposits When Insolvent.* Section 16 of chapter 43 of the Laws of 1891, which provides that no bank shall receive deposits when it is insolvent, and prescribes a punishment for a violation of that provision by any officer or managing agent of such bank, is a substitute for and operates as a repeal of chapter 48 of the Laws of 1879.

2. STATUTE, *not Operative against National Banks.* The provisions of chapter 43 of the Laws of 1891 have no application to national banks, and the penalties therein prescribed are not operative as against officers of national banks.

*Appeal from Reno District Court.*

THE opinion, filed November 9, 1895, states the case.

*F. B. Dawes,* attorney general, *L. M. Fall,* county attorney, and *W. H. Lewis,* for The State.

*Whiteside & Gleason,* for appellee.

The opinion of the court was delivered by

JOHNSTON, J.: In an indictment containing two counts, it was charged that, in October, 1893, C. H.

Menke, as cashier of The Hutchinson National Bank, feloniously received deposits when the bank was in failing circumstances, and while it was in an insolvent condition. A motion to quash the indictment was made, and, among other grounds, it was alleged that the statutes under which the indictment was filed had no application to officers of a national bank, and that the acts charged to have been committed were not a violation of any statute of the state. The motion to quash was sustained, and the defendant was discharged. The state appeals, and contends that the prosecution can be maintained under section 1 of chapter 48 of the Laws of 1879. It reads as follows :

"SECTION 1. If any president, director, manager, cashier, or other officer of any banking institution, or any private banker or officer of a private bank, doing business in this state, shall receive or assent to the reception of any deposit of money or other valuable thing in such bank or banking institution, or if any such banker, officer or agent shall create or assent to the creation of any debts or indebtedness by such bank or banking institution, in consideration or by reason of which indebtedness any money or valuable property shall be received into such bank or banking institution, after he shall have had knowledge of the fact that it is insolvent or in failing circumstances, he shall be deemed guilty of larceny, and upon conviction thereof shall be punished in the manner and to the same extent as is provided by law for stealing the same amount of money deposited, or valuable thing, if loss occurs by reason of such deposit."

It is contended that in its terms the act is broad and comprehensive enough to include national banks, and that it was not only within the intention, but also within the power, of the legislature to make such officers amenable under this statute. The statute quoted, as will be seen, does not refer to national

banks in terms, and whether it was so intended by the legislature becomes unimportant by reason of a later enactment upon the same subject. In 1891 an act was passed relating to the organization and regulation of banks and the banking business, and penalties for violations of the act were prescribed. (Laws 1891, ch. 43.) In section 16 of that act it was provided:

· "No bank shall accept or receive on deposit, with or without interest, any money, bank bills or notes, or United States treasury notes, gold or silver certificates, or currency, or other notes, bills or drafts circulating as money or currency, when such bank is insolvent; and any officer, director, cashier, manager, member, party or managing party of any bank, who shall knowingly violate the provisions of this section, or be accessory to or permit, or connive at the receiving or accepting on deposit of any such deposit, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $5,000 or by imprisonment in the penitentiary not exceeding five years, or by both such fine and imprisonment."

By an examination of the title and the several provisions of the act, it will clearly appear that it was not the purpose of the legislature to regulate or control the business conducted by national banks, nor that the penalties prescribed would be operative as against officers of national banks. It first provides for the organization of banks, and, as the state has no power to organize or control national banks, it is manifest that no other than state banks were in mind. The subsequent provisions relate to such banks as may have been organized under the act, or as are referred to and described in the earlier sections of the act. The supervision and control of the banks and banking officers for which provision was being made was given to a bank commissioner, whose duties were prescribed by the same act, and certainly it could not

have been the legislative purpose to give that officer supervision and control of national banks. The act appears to be a complete revision of the then-existing law relating to banking, and added thereto are many features entirely new. Instead of expressly repealing the sections revised, there was inserted in the act a general clause repealing all the acts and parts of acts inconsistent therewith. Although chapter 48 of the Laws of 1879 was not specifically repealed, section 16 of the later act is so clearly a revision of the former that it operates to abrogate the former one. A comparison of the two sections leaves no doubt that the later covers the whole subject of the former one, and as the later act omits some parts of the first, changes others, and embraces new provisions, thereby increasing the penalty, it is obvious that it was intended as a substitute for the first act, and under the rule frequently declared it will operate as a repeal of that act. (*The State, ex rel., v. Studt,* 31 Kan. 245 ; *The State v. Showers,* 34 id. 269 ; *C. K. & N. Rly. Co. v. City of Manhattan,* 45 id. 419 ; *Beadle v. K. C. Ft. S. & M. Rld. Co.,* 51 id. 248.)

As the act of 1891 has no application to a national bank or its officers, and operates as a repeal of chapter 48 of the Laws of 1879, it follows that the acts charged to have been committed by the defendant do not constitute a public offense under our statutes, and that the trial court ruled correctly in quashing the indictment.

Judgment affirmed.

All the Justices concurring.