### ELMENDARO TOWNSHIP, LYON COUNTY, v. THE KANSAS BRIDGE & IRON COMPANY.

#### No. 206.

TOWNSHIP BOARD—*has power to build bridges on township line.* A township board may join with a county, township or private citizen, whenever the available means at its disposal will permit and the improvements to be made are practicable, and contribute towards the building of permanent roads and bridges within or on the line of their respective townships; and for this purpose a warrant issued by the township board at a regular meeting, payable when the improvements are completed, will be held valid and binding on the township when presented for payment after the improvements have been completed and accepted.

Error from Lyon District Court. Hon. Charles B. Graves, Judge. Opinion filed July 21, 1897. *Affirmed.*

*J. Harvey Frith*, for plaintiff in error.

*T. N. Sedgwick* and *L. B. Kellogg*, for defendant in error.

ELMENDARO TOWNSHIP v. BRIDGE CO.     641

July 21, 1897.        Opinion.   Schoonover, J.        C. Div.

SCHOONOVER, J.   In 1890 Lyon and Coffey coun-
ties, with the assistance of California Township in
Coffey County, and Elmendaro Township in Lyon
County, and the private subscription of individuals
of Hartford, built a bridge at a crossing of the Ne-
osho River, at a cost of $3,930.35, of which amount
Lyon County contributed and paid $2,000, Coffey
County, $1,000, California Township, $200.   Elmen-
daro Township, the plaintiff in error, contributed $200,
and issued the following warrant :

"HARTFORD, KAN., October 27, 1890.
"To J. W. O'Connor, Township Treasurer of Elmendaro
    Township, Lyon County, Kansas:
"Pay to I. A. Taylor, Bridge Commissioner, or
bearer, the sum of Two Hundred Dollars, for sub-
scription to bridge over Neosho River at Rambo Ford,
to be paid on completion of bridge, as allowed by the
Township Board.   A. S. SHEPARD, Township Trustee.
"W. T. STARK, Township Clerk."

The Kansas Bridge & Iron Company, defendant
in error, constructed the bridge and accepted the
warrant of plaintiff in error for two hundred dollars,
as so much cash in payment of the contract price for
building the bridge, and duly presented the same for
payment, which was refused.

The defendant in error commenced an action before
a justice of the peace upon the warrant, and obtained
judgment for its full amount.   The plaintiff in error
appealed to the District Court where the case was
tried to the court without a jury.   Judgment was
again rendered for the Bridge Company, and the
Township brings the case to this court upon petition
in error.   It is claimed that the Township had no
power to subscribe towards the building of the bridge ;
and that the warrant was issued without authority.

41—6 KAN. APP.

Subdivision 8, paragraph 7084, General Statutes of 1889, provides :

" Shall superintend all the pecuniary concerns of his township, and shall at the July session of the board of county commissioners, annually, with the advice and concurrence of said board, levy a tax on the property in said township, for township road and other purposes, and report the same to the county clerk, who shall enter the same on the proper tax roll in a separate column or columns, and the treasurer shall collect the same as other taxes are collected ; but in a failure of such trustee and commissioners to concur, then the board of county commissioners shall levy such township road and other taxes."

It is also provided in paragraph 7093, General Statutes of 1889 :

" The township treasurer shall receive and take charge of all moneys belonging to the township, or which are, by law, required to be paid to ·him, and shall pay out and account for the same upon orders drawn upon him by the township trustee, and shall discharge such other duties as may be required of him by law."

It is further provided in paragraph 7133, General Statutes of 1889 :

" The said board shall have charge of the roads and bridges of their respective townships, and it shall be their duty to keep the same in repair, and to improve them so far as practicable.   Whenever the available means at their disposal will permit, they shall construct permanent roads, beginning where most needed. The work on roads shall be done timely, and in accordance with the best known methods of road making — by proper grading and thorough drainage, by tile, or otherwise, as may be expedient, or by the application of gravel, rock, or other material."

In considering the various provisions of the statute, our Supreme Court has said :

" Where it is alleged in a bill of particulars that a

bridge was needed in a township across a river; that it would cost about $1300 to purchase and erect the same, of which sum the county agreed to pay $1000; that there was raised by individual subscription $200, and that then the township agreed to pay $100 to the plaintiff, if he would contract for the erection of the bridge, and have it erected; and thereafter, relying upon such promise and agreement, the plaintiff paid for having the bridge built: *Held*, that the contract set forth in the bill of particulars was within the power of the township officers, and a compliance therewith by the plaintiff would entitle him to a recovery from the township of $100.'' *Uhl v. The Township of Douglass*, 27 Kan. 80.

Chief Justice Horton, in the opinion, says: '' We do not perceive any valid reason why a township and a county may not conjointly contribute towards the building of a bridge, if the authorities thereof choose so to do.''

It is not only the duty of the township board to keep the roads and bridges in their respective townships in repair, but they should construct permanent roads — bridges — make permanent and lasting improvements, beginning where most needed, whenever the available means at their disposal will permit. For this purpose and in order to insure efficiency, they may employ a general superintendent to execute their orders, that the work may be done timely and in accordance. with the best-known methods of road making — by proper grading and thorough drainage, by tile, or otherwise, as may be expedient, or by the application of gravel, rock, or other material.

It is clearly intended by this provision of law that permanent bridges may be constructed out of the available means in the hands of the township board, if it so desires. It may build the bridges, or it may join with enterprising citizens, a county or a town-

ship, and contribute of the available means at its disposal towards its construction. The spirit of this law is to secure to the citizens of the township the best and most permanent roads and bridges for the least money.

That the building of this bridge was advantageous and beneficial to the people of Elmendaro Township ; that it was practicable ; that it was constructed at a place where a bridge was needed ; that the township had of the available means at its disposal two hundred dollars to contribute to the building of the bridge, are not questioned. In the absence of fraud or collusion, it is clear that the Township had the authority to make the subscription. A verified account for this subscription was presented to the Township Board at its annual meeting, audited and allowed, and the warrant sued on in this action lawfully issued. The bridge was completed and accepted by the special bridge commissioner selected to superintend its construction. The warrant was presented and payment refused.

The attorney for plaintiff in error, in an able argument to the court, insisted that the bridge was not in Lyon County ; that the proposition to build the bridge was not submitted to the people at any election, and that this was an evasion of the law providing that when the cost of a proposed bridge shall exceed two thousand dollars the question of building it must be submitted to the qualified electors of the county.

Both propositions have been considered, but there is not sufficient merit in either of them to require a reversal of this case.

The judgment of the District Court will be affirmed.