THE STATE OF KANSAS v. WILLIAM ESTEP *et al.*

No. 13,007. (71 Pac. 857.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Injunction Law of 1887 Repealed.* That clause of section 4, chapter 165, of the Laws of 1887 (Gen. Stat. 1901, § 2463), which created and defined a common nuisance under the prohibitory liquor law, and fixed a punishment on the owner or keeper thereof, was repealed by section. 1, chapter 232, Laws of 1901 (Gen. Stat. 1901, § 2493). This repeal destroyed the force of the clause immediately following, providing a remedy by injunction to abate a nuisance of the kind mentioned in the first law, for the reason that that part of the section authorizing injunction proceedings operates against such nuisances only as are defined in the preceding portion of the same section of the law of 1887, which was repealed.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed March 7, 1903. Affirmed.

STATEMENT.

THIS was a suit brought by the state to enjoin defendants in error from maintaining a nuisance under the prohibitory liquor law. The proceedings were based on the authority of section 4, chapter 165, Laws of 1887. A general demurrer to the petition was sustained in the court below on the ground that the injunction clause contained in said section was repealed by chapter 232, Laws of 1901. Section 4 of chapter 165, Laws of 1887 (Gen. Stat. 1901, § 2463), reads:

"SEC. 4. . . . All places where intoxicating liquors are manufactured, sold, bartered, or given away in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery, in violation of this act, are hereby declared to be common nuisances, and upon the judg-

ment of a court having jurisdiction finding such place to be a nuisance under this section, the sheriff, his deputy or under-sheriff or any constable of the proper county, or marshal of any city where the same is located, shall be directed to shut up and abate such places by taking possession thereof, and by taking possession of all such intoxicating liquors found therein, together with all signs, screens, bars, bottles, glasses and other property used in keeping and maintaining said nuisance ; and such personal property so taken possession of shall be forthwith publicly destroyed by such officer, and the owner or keeper thereof shall upon conviction be adjudged guilty of maintaining a common nuisance, and shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than ninety days.   The attorney-general, county attorney, or any citizen of the county where such nuisance exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same.   The injunction shall be granted at the commencement of the action, and no bond shall be required.   Any person violating the terms of any injunction granted in such proceedings shall be punished for contempt by a fine of not less than one hundred nor more than five hundred dollars and by imprisonment in the county jail not less than thirty days nor more than six months, in the discretion of the court, or judge thereof.   In case judgment is rendered in favor of the plaintiff in any action brought under the provisions of this section, the court rendering the same shall also render judgment for a reasonable attorney's fee in such action in favor of the plaintiff and against the defendants therein ; which attorney's fee shall be taxed and collected as other costs therein, and when collected paid to the attorney or attorneys of the plaintiff therein.''

Chapter 232, Laws of 1901, is entitled "An act relating to the sale of intoxicating liquors and the

27—66 KAN.

suppression of places where such liquors are sold or used or kept for sale or use contrary to law.'' Sections 1 and 2 of this act (Gen. Stat. 1901, §§ 2493 and 2494) are as follows:

''Section 1. All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of the law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months, for each offense.

''Sec. 2. Upon the filing of a complaint or information charging that a place is kept or maintained as a common nuisance by any person or persons, and that intoxicating liquors, bottles, glasses, kegs, pumps, bars or other property are kept or used therein in keeping and maintaining such place as a common nuisance, a warrant shall be issued commanding the officer to whom it is directed to arrest the person or persons charged or described as the keeper or keepers thereof, and to search the place described in such complaint or information, and seize and take into his custody all intoxicating liquors, glasses, bottles, kegs, pumps, bars or other property described in said complaint or information which he may find at such place, and safely keep the same subject to the order of the court. The complaint or information shall describe the place to be searched with sufficient particularity to identify the same, and shall describe the intoxicating liquors or other property alleged to be used in maintaining the same as particularly as practicable; but any description, however general, that will enable the officer

executing the warrant to identify the property to be seized shall be deemed sufficient.   Upon the return of the warrant, the court shall proceed as in other cases against the person or persons arrested.''

Section 9 reads :  ''All acts and parts of acts inconsistent with this act are hereby repealed.''

*F. M. McHale*, for The State.
*Nathan Cree*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. :   Section 4 of chapter 165, Laws of 1887, contains both a criminal and civil remedy for the suppression and abatement of nuisances.   The first part of the section defines a common nuisance, and applies the term to places where intoxicating liquors are manufactured, sold or given away in violation of ''any of the provisions of this act,'' and to places where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and to places where such liquors are kept for sale in violation of ''this act,'' and makes it the duty of all sheriffs and constables to shut up and abate such places by seizing the liquors and accessories found therein.   The owner or keeper of such nuisance, upon conviction, is amenable to a fine and imprisonment in the county jail.   Following immediately in the same section of the act comes the civil remedy for the suppression and abatement of *such common nuisances* by injunction, in a suit to be prosecuted by the attorney-general or any citizen of the county.

It is clear that the first section of chapter 232, Laws of 1901, set out in the statement, repeals that part of section 4 of the law of 1887 which makes it a criminal act to keep and maintain a nuisance.   This

is apparent from the fact that the two statutes are directed against criminal acts not widely different, with an increase of punishment in the later law.

The law of 1887 fixes the punishment at a fine of not less than $100 nor more than $500 and imprisonment in the county jail not less than thirty nor more than ninety days. In the law of 1901 the fine which may be imposed is the same, but the imprisonment provided is "not less than thirty days nor more than six months."

In *The State v. Menke*, 56 Kan. 77, 80, 42 Pac. 350, it was held that a law passed in 1891, making it an offense for officers of a bank knowingly to receive deposits when the bank was insolvent, repealed a former law covering the same subject. The court said:

"A comparison of the two sections leaves no doubt that the later covers the whole subject of the former one, and as the later act omits some parts of the first, changes others, and embraces new provisions, thereby increasing the penalty, it is obvious that it was intended as a substitute for the first act, and under the rule frequently declared it will operate as a repeal of that act." (See, also, *The State, ex rel., v. Studt*, 31 Kan. 245, 1 Pac. 635.)

In *United States v. Claflin*, 97 U. S. 546, 552, 24 L. Ed. 1082, 1085, the case of *Norris v. Crocker et al.*, 13 How. (U. S.) 429, 14 L. Ed. 210, is quoted from approvingly, as follows:

"'As a general rule, it is not open to controversy, that, where a new statute covers the whole subject-matter of an old one, adds offenses, and prescribes different penalties for those enumerated in the old law, the former is repealed by implication, as the provisions of both cannot stand together.'"

Again, under the first law it is made a criminal offense to own or keep a common nuisance "in viola-

tion of this act''; that is, a nuisance as therein defined. In the last enactment it is made criminal to maintain such a nuisance ''in violation of law.'' In the first the crime is confined to a violation of those things made unlawful in that act itself. The later law covers. and embraces all new and future restrictions which may be created within the scope of legislative power, and operates prospectively.

As stated, that part of the law of 1887 which is repealed precedes the injunction clause in the same section. The remedy by injunction is authorized to prohibit and suppress the maintenance of a nuisance created and defined by a preceding clause which has been, so to speak, lifted out of the section by repeal. The first sentence of the injuction clause reads:

''The attorney-general, county attorney, or any citizen of the county where *such* nuisance exists, . . . may maintain an action in the name of the state to abate and perpetually enjoin the same.''

Eliminating that part of the section defining a nuisance, the clause following immediately thereafter in the same section providing for the abatement by injunction of *such* nuisance can have nothing to operate on. The second, or injunction, clause is dependent on the first, which defines the nuisance to be abated. As suggested in the brief of counsel for defendants in error, the extent of the power given by the first sentence of the injunction clause of the law of 1887 may be expressed in slightly different language from that of the statute, as follows:

The attorney-general, county attorney, or any citizen of the county where any nuisance created and defined by the provision of this section exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same.

The legislative use of the word "such," in referring to the kind of nuisance which may be abated by injunction, is significant. It is defined by Webster: "Having the particular quality or character specified." "Certain;—representing the object as already particularized in terms which are not mentioned."

The remedy by injunction being restricted and confined to *such* nuisance as is mentioned in the clause preceding, it is plain that, when that part of the section defining the nuisance goes out, the remedy by injunction against the nuisance has nothing to move against.

In *The State v. Stark*, 63 Kan. 529, 66 Pac. 243, 54 L. R. A. 910, 88 Am. St. Rep. 251, cited by counsel for plaintiff in error, there was mention made of the right to maintain an injunction suit to abate a nuisance under the prohibitory law. The expression used was, however, not necessary to a decision of the case. The case then before the court was a criminal prosecution for trespass.

The judgment of the court below will be affirmed.

All the Justices concurring.