THE STATE OF KANSAS V. WILLIAM J. STORM.

No. 14,666. (86 Pac. 145.)

INTOXICATING LIQUORS—*Permit—Proof—Statute Not Repealed by Implication.* Section 2470 of the General Statutes of 1901, relating to proof by the state that the defendant had no permit to sell intoxicating liquors, held not to have been repealed by chapter 232 of the Laws of 1901.

Appeal from Saline district court; ROLLIN R. REES, judge. Opinion filed July 6, 1906. Affirmed.

*C. C. Coleman,* attorney-general, and *C. W. Burch,* county attorney, for The State.

*Ritchie & Abel,* for appellant.

*Per Curiam:* This is a liquor-nuisance case. The court instructed the jury in the usual manner relating to proof on the part of the state that the defendant had no permit to sell intoxicating liquors. The instruction was framed under section 2470 of the General Statutes of 1901. It is claimed this section was repealed by chapter 232 of the Laws of 1901. (Gen Stat. 1901, § 2493 *et seq.*) The repealing effect of that chapter is confined expressly to acts inconsistent with it. There is nothing in the new act inconsistent with section 2470 of the 1901 compilation. The evidence section of the new act does not cover the feature of the old

law under which the instruction was drawn. Repeals by implication are not favored.

The fact that section 2470 of the 1901 compilation refers to prosecutions "under this act," while the act of 1901 relates to nuisances maintained "in violation of law," does not affect the case. This phraseology was of slight importance in the case of *The State v. Estep,* 66 Kan. 416, 71 Pac. 857, as indicating the purpose of the legislature to substitute a new nuisance law for the old, but the act of 1901 was designed to take its place as a part of the entire scheme of liquor legislation of the state, and all laws upon the subject are to be construed together and harmonized as far as possible. When section 2470 of the 1901 compilation was adopted it was a part of the only liquor act on the statute-book. Now that there is another the general purpose of both controls the interpretation of special provisions of each.

On the motion for a new trial a juror testified to statements relating to matters outside the evidence which he claimed were made by the foreman of the jury. The foreman denied the statements, explained his conduct fully, and was corroborated by another juror. The trial court saw and heard the witnesses, and determined the question of fact adversely to appellant. This court cannot interfere.

The judgment is affirmed.