No. 25,738.

F. C. Norton, *Appellant*, v. The Board of County Commissioners of the County of Saline, *Appellee*.

SYLLABUS BY THE COURT.

1. Intoxicating Liquors — *Means of Carriage as Nuisance — Attorney's Fee.* Where an automobile was found by a justice of the peace to have been used in the transportation of intoxicating liquor and was declared to be a common nuisance, and an order made that the automobile should be forfeited and sold, the county attorney who prosecuted the abatement action is entitled to an allowance of a reasonable attorney's fee, to be taxed and collected as other costs of the action, as provided in section 1, chapter 338 of the Laws of 1903.

2. Same—*Construction and Operation of Law.* The prohibitory liquor law is to be considered and construed as an entirety, and the provisions as to the abatement of common nuisances are ordinarily to be interpreted as if · all had been enacted at the same time.

Appeal from Saline district court; Dallas Grover, judge. Opinion filed ·June 6, 1925. Reversed.

W. B. Crowther, David Ritchie, and Omer D. Smith, all of Salina, for the :appellant.

Ralph Knittle, and Frank Knittle, both of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: A controversy arose between the county attorney and the county commissioners as to the right of the county attorney to receive and retain fees awarded to him by a justice of the peace in cases where automobiles were adjudged to be forfeited and sold and the fee of the county attorney was adjudged to be paid to him as part of the costs, out of the proceeds of the sale. To obtain a determination of the controversy the county attorney brought this action asking for a declaratory judgment sustaining his right to the fees. The judgment of the district court was adverse to his contention and he appeals.

His claim to the fees is based upon a section of the prohibitory liquor law which provides that the attorney-general, the county attorney or any citizen of the state may maintain an action in the name of the state to abate and enjoin a nuisance, and after providing for punishment for contempt for the violation of an injunction that may have been issued in the case, proceeds: ˙

"In case judgment is rendered in favor of the plaintiff in any action brought under the provisions of this section, the court rendering the same shall also render judgment for a reasonable attorney's fee in such action in favor of the plaintiff and against the defendants therein, which attorney's fee shall be taxed and collected as other costs therein, and when collected paid to the attorney or attorneys of the plaintiff therein." (R. S. 21-2131.)

Does the prosecution and forfeiture of automobiles used in the transportation of intoxicating liquors entitle the county attorney to fees under this provision? Another provision of the prohibitory liquor law is that all automobiles, vehicles and other property used in the transportation or carrying of intoxicating liquors into this state or in carrying and transporting liquors from one place to another within the state are declared to be common nuisances. (R. S. 21-2162.)

The act authorizing the allowance of attorneys' fees in nuisance cases and the taxing and collecting of the same as part of the costs was enacted in 1903 (Laws 1903, ch. 338, § 1), while the provision declaring automobiles and other vehicles used in the transportation of intoxicating liquors to be nuisances and providing for the destruction of the liquor, and the forfeiture and sale of the vehicles, was not enacted until 1919 (Laws 1919, ch. 217). The defendant contends that the later act is independent of the former, and that

Norton v. Saline County Comm'rs.

as the later one does not specifically provide for attorneys' fees on the seizure and condemnation of an automobile, none can be taxed as costs. The later act provides that if automobiles or other vehicles used in the liquor traffic are found to be common nuisances, they shall be forfeited and sold and the proceeds paid into the treasury of the county for the support of the common schools, after paying out of the proceeds the costs of the action. We think the allowance of fees as costs of the action in the earlier act is general in its character and applicable to the common nuisances provided for in the later act. The first act is general and inclusive in its terms as to the abatement of common nuisances maintained in violation of the intoxicating-liquor laws. It provides for such nuisances as well as for enjoining them, and the provision for an allowance of an attorneys' fee applies alike to both. The prohibitory liquor law should be considered as an entirety and the provision as to the abatement of liquor nuisances applicable to all devices in maintaining such nuisances, whether they are maintained in business houses, homes, outbuildings or in vehicles. The provisions are to be construed together as part of a plan of liquor legislation. (*The State v. Storm,* 74 Kan. 859, 86 Pac. 145.) It has been said that—

"The prohibitory law as it now stands is the result of more than twenty-five years' growth. Amendments and changes have been made in its provisions as it seemed necessary to overcome the difficulties met with in its enforcement and to make it more efficient and effective. These various provisions taken together constitute the present prohibitory law of this state and are to be considered and construed as if the entire enactment had occurred at the same time." (*The State v. Jepson,* 76 Kan. 644, 648, 92 Pac. 600. See, also, *The State v. Berry,* 103 Kan. 891, 176 Pac. 649.)

The act of 1919 added another feature to the nuisance provisions, and it is evident it was mainly enacted to provide that automobiles and vehicles used in the transportation of intoxicating liquors should be condemned and sold instead of being destroyed. It was not necessary to repeat in that act all the procedure in nuisance cases in order to make them applicable to the disposition of vehicles maintained as nuisances. It is clear that the provision in the act of 1903 authorizing the attorney-general, county attorney, or any citizen of the county where such a nuisance is maintained, to bring an action in the name of the state to abate the nuisance, is applicable to the abatement of automobiles, and that these officers and citizens could maintain an action of abatement which would include the condemnation of an automobile used in the unlawful transportation of in-

toxicating liquors, although the later act authorizing them to do so is not repeated in the subsequent act. No reason is seen why the provision as to attorneys' fees is not applicable to all nuisances of a similar character. In *Breweries Co. v. Kansas City*, 96 Kan. 731, 153 Pac. 523, involving an act authorizing any city to enjoin or abate nuisances, it was held that an action brought by the mayor and chief of police, as citizens of the county and in the name of the state, could be maintained and that the general provisions as to liquor nuisances were applicable. It was held that under that act the city could abate or enjoin a liquor nuisance operating within its limits. As to what constitutes a liquor nuisance subject to such abatement it was said:

"It is any place or thing in or out of which intoxicating liquors may be sold. It may be a railway train moving across the state. It may be a barrel in an alley. (*The State v. Dykes*, 83 Kan. 250, 111 Pac. 179.) It may be a wagon or any other vehicle moving from one part of a city to another. It is not necessary that the place be in a building or in any particular kind of structure. (*The State v. Rabinowitz*, 85 Kan. 841, 118 Pac. 1040.)" (p. 735.)

It therefore appears that a vehicle operated in the liquor traffic might have been abated as a nuisance before the passage of the act providing for the forfeiture and sale of an automobile used in transporting liquor. The general act specifically provides for attorneys' fees in the statutory action brought for the abatement of such nuisances, and when an automobile is found to be a common nuisance and is abated through the condemnation-and-sale process, it is within the power of the court making the order to allow such fees. The fact that a justice of the peace may not have authority to enjoin a nuisance does not militate against the power of that court to abate it. Holding that attorneys' fees in such cases are allowable, it follows that the judgment must be reversed with the direction to enter judgment in favor of the plaintiff.