No. 27,049.

THE STATE OF KANSAS, *Appellee*, v. ANDY ANDERSON, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Corn Whisky Presumed Intoxicating.* Corn whisky is presumed to be intoxicating without further evidence of that fact.

2. SAME—*Confiscation of Transporting Automobile—Evidence.* In a proceeding for the confiscation of an automobile upon the ground that it was used for the unlawful transportation of intoxicating liquor, the evidence is examined and held to be sufficient to sustain the judgment.

Appeal from Lyon district court; ISAAC T. RICHARDSON, judge. Opinion filed October 9, 1926. Affirmed.

*Gilbert H. Frith, W. C. Harris* and *Owen S. Samuel,* all of Emporia, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Samuel S. Spencer,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a judgment confiscating an automobile belonging to appellant, Andy Anderson, on the ground that it had been used in the unlawful transportation of intoxicating liquor.

Appellant makes two points:

First, that the intoxicating character of the liquor was not sufficiently shown. The witnesses testified that it was corn whisky, and that corn whisky is intoxicating. Whisky is presumed to be intoxicating without further proof. The evidence on this point was sufficient to sustain the judgment.

Second, it is argued that there is no evidence that the appellant Anderson knew that his companion, Ong, had intoxicating liquor in the automobile. The facts concerning this, as disclosed by the evidence, are substantially as follows: Anderson and Ong lived at

Madison. On the day in question they drove to Emporia and were there in the evening. After dark a police officer observed a man, probably Ong, deposit something by a fence near the alley back of a restaurant. He called another officer and the two watched to see if anyone came for it. Later in the evening Anderson drove his automobile along the alley. Ong was in the car with him. As he neared the place where the deposit had been made Anderson slowed the speed of his car, but did not stop. Ong jumped from the automobile, ran to the place where the deposit had been made, picked up the bottle, which later proved to contain corn whisky, ran back and got into the automobile, and Anderson speeded up. The officers called upon him to halt, but Anderson drove faster. The officers fired several shots at the automobile, when Anderson concluded to stop, and did so. The bottle of corn whisky was thrown or dropped upon the pavement and broken, but the officers obtained a part of its contents.

The case was tried to the court. The only witnesses were the two officers. Neither the appellant nor Ong testified. From these facts appellant argues that Ong was an invited guest of Anderson and that the proof fails to show that Anderson knew for what purpose Ong jumped out of the automobile, or that he picked up and had carried in the automobile the bottle of corn whisky. The evidence is just as well open to the construction that the parties were engaged in a joint enterprise to obtain and transport the whisky. It is reasonable, at least, to presume that Anderson knew why he was driving down the alley, why he slowed down without stopping, what Ong was getting when he jumped out, what he brought back to the car, and why he hastened away and failed to heed the first commands of the officers to halt. This is a civil action, and if either Anderson or Ong knew of any facts which would tend to rebut this reasonable presumption they were at liberty to place them before the court by their testimony. The fact they did not do so indicates their testimony on this point would not have been to their advantage. If Anderson knew that the whisky had been deposited and drove down the alley on purpose to get it for himself and Ong, the fact that Ong got out of the car and got it instead of Anderson getting out to get it himself, would make no material difference. We think the evidence ample to justify the judgment of the court.

Appellant relies upon *State v. Metz,* 107 Kan. 593, 193 Pac. 177, but the evidence here does not bring the case within the rule there announced.

The judgment of the court below is affirmed.