No. 27,059.

THE STATE OF KANSAS, *Appellee*, v. RAY COCHRAN, *Appellant*.

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Unlawful Possession—Allegation and Proof of Purpose of Possession.* In a prosecution for the unlawful possession of intoxicating liquor, the state is not required to allege and to prove the purpose for which defendant had possession of the intoxicating liquor and that such purpose was unlawful.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed December 11, 1926. Affirmed.

*J. E. Torrance* and *O. W. Torrance*, both of Winfield, for the appellant.

*Charles B. Griffith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *C. H. Quier*, county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Ray Cochran appeals from a verdict of guilty, and the judgment thereon, of being a persistent violator of the prohibitory liquor law. The information charges (omitting formal parts):

"That on or about the 12th day of February, 1926, in the county of Cowley and state of Kansas, Ray Cochran did then and there unlawfully and feloniously have and keep intoxicating liquors in his possession for personal use or otherwise, and that the said Ray Cochran had heretofore been duly and regularly convicted of a violation of the prohibitory liquor law of the state of Kansas on the 2d day of March, 1920, in the district court of Cowley county, Kansas. That no appeal has ever been taken from said former conviction and the time for taking such appeal has long since passed."

Defendant moved to quash the information for the reasons, (1) that it does not state facts sufficient to constitute a public offense, and (2) that it is indefinite, uncertain and vague, and does not inform defendant as to what he is charged with and is called upon to plead or defend against. The motion was overruled. Appellant complains of that ruling. He contends that the use of the disjunctive "or" in the phrase "for personal use or otherwise" renders the information uncertain, under *State v. Meyer*, 94 Kan. 647, 653, 146 Pac. 1007, and *State v. Seeger*, 65 Kan. 711, 70 Pac. 599, and that it fails to conform to our statute (R. S. 62-1005). This contention is not sound. The pertinent portions of the statute defining the offense of unlawful possession of intoxicating liquor read as follows:

Intoxicating Liquors, 33 C. J. pp. 727 n. 24, 761 n. 53, 790 n. 35.

"It shall be unlawful for any person to . . . have in his possession for personal use or otherwise any . . . intoxicating liquors . . ." (R. S. 21-2101.)

Now, it is rather obvious that "possession for personal use or otherwise," as used in the statute, is tantamount to "possession for any purpose," or simply to "possession." In *State v. Metz,* 107 Kan. 593, 595, 193 Pac. 177, it was said the statute "denounces keeping in possession or having in possession, for personal use or under other circumstances, any intoxicating liquor. The gist of the offense is possession." So, the information might have omitted the phrase "for personal use or otherwise," since in its final analysis it adds nothing to, and takes nothing away from the gist of the charge, viz.: that defendant, at a time and place named, unlawfully had possession of intoxicating liquors.

But appellant contends that the purpose for which one has intoxicating liquor in his possession is, under our statute, an essential element to be considered; that the statute, either directly or in effect, recognized that there may be a lawful possession of intoxicating liquors; that the purpose of the possession is an issuable fact in every case, hence, that before a conviction can be sustained the state must allege and prove beyond a reasonable doubt, not only that defendant had possession of intoxicating liquor, but the purpose for which defendant had such possession, and that such purpose was an unlawful one. Although not stated in those words, this is appellant's real contention, and he raised the question in the court below, not only by his motion to quash, but by a motion for a directed verdict in his favor, by instructions requested, by objections to instructions given, and by his motion for a new trial. In support of this contention appellant cites *State v. Munson,* 111 Kan. 318, 206 Pac. 749, where certain acts were held not to be possession within the meaning of the law, and *State v. Metz,* supra, where possession is defined, neither of which sustains his contention. He might have cited R. S. 21-2104, 21-2105, 21-2106, which provide that the statute (R. S. 21-2101) does not apply to the possession or use as therein provided, of wine for communion purposes, or of alcohol by wholesale or retail druggist, or by hospitals, schools and manufacturers. But these are in the nature of exceptions to the general rule by which, under R. S. 21-2101, every possession of intoxicating liquor is decreed to be unlawful. The prosecution is not required, in the first instance, to negative excep-

tions of this character, either by allegations in the information, or by proof (R. S. 21-2121). It may be argued this statute was a part of the general intoxicating liquor law (Laws 1881, ch. 128, as amended by Laws 1885, ch. 149), and was not intended to apply, and cannot apply, to an offense created by R. S. 21-2101 (Laws 1917, ch. 215). The answer to this is that all of our statutes pertaining to intoxicating liquors, considered together, constitute a system of laws for the suppression of the manufacture, traffic and use of intoxicating liquor, and each provision should be considered as a part of a common whole, the same as though all the provisions were enacted at the same time. (*State v. Storm*, 74 Kan. 859, 86 Pac. 145; *State v. Berry*, 103 Kan. 891, 176 Pac. 649; *Norton v. Saline County Comm'rs*, 118 Kan. 659, 236 Pac. 819.)

When one is charged with the unlawful possession of intoxicating liquor, and upon the trial the prosecution has produced evidence showing that defendant had in his possession intoxicating liquor, at the time and place as charged, such proof sustains the charge. If defendant contends that his possession of the intoxicating liquor was lawful, such contention constitutes a defense, and it is incumbent upon him to go forward with the proof tending to show the lawfulness of his possession. · This evidence the prosecution may rebut. Defendant is not, of course, required to establish the lawfulness of his possession beyond a reasonable doubt, or even by a preponderance of the evidence, but, like any defense in any criminal case, before an acquittal is justified by reason thereof, the evidence pertaining thereto should be sufficient, when considered in connection with the evidence of the prosecution tending to prove the charge in the information, and evidence, if any, of the prosecution, tending to rebut the defense made, to create in the minds of the jury a reasonable doubt as to defendant's guilt of the charge in the information.

Defendant complains of the following instruction given:

"All whisky is presumed to be intoxicating. While the law does not say that a man shall not drink intoxicating liquors, the law does provide that a man shall not keep in his possession intoxicating liquors for the purpose of drinking, or for the purpose of delivering to some other person such liquor for the use of such other person. Where it is shown by the state beyond a reasonable doubt that an accused was found with a quantity of intoxicating liquor in his actual possession, and such actual possession is unexplained, the jury would have a right to assume that such person had intoxicating liquor in his possession in violation of the law."

The instruction is more favorable to defendant than he was entitled to have been given. The first sentence in the instruction is correct. (Intoxicating Liquor Cases, 25 Kan. 751; *State v. Anderson,* 121 Kan. 706, 249 Pac. 854.) Since there was no issue in the case as to the right of a person to drink intoxicating liquors, there was no necessity of referring to that question in the instructions. The instructions should be upon matters of law necessary for the jury in giving their verdict (R. S. 62-1447). The remainder of the second sentence is inaccurate. The statute (R. S. 21-2101) makes it unlawful for a person to have intoxicating liquor in his possession, unless such possession be for some of the specifically excepted purposes named in the statute (R. S. 21-2104, 21-2105, 21-2106). Since there was no evidence in this case concerning possession for such excepted purposes, and no issue joined thereon, reference thereto was unnecessary. When the state has shown beyond a reasonable doubt that the accused was found with a quantity of intoxicating liquor in his possession, the charge of unlawful possession of intoxicating liquor has been established; that is, there is no longer a mere assumption; the jury is not forced to exercise their "right to assume"; the proof is complete; the offense charged has been established by proof. Since there was no evidence in this case tending to explain defendant's possession of whisky, the question of whether such possession was explained or unexplained was not an issue, and reference to that matter might have been omitted. There was no error in the instruction of which appellant can complain.

Appellant's contention that the evidence does not support the verdict is based largely upon the point previously discussed, and is without merit. The evidence is that the police officers accosted defendant as he drove up and stopped in front of a hotel, searched him and found a bottle of corn whisky in his coat pocket. The matter of the previous prosecution is well alleged in the information and was established upon the trial, not only by the introduction of the court record of the former conviction, but also by testimony of a witness identifying the accused as being the same person who was convicted in the previous case. Appellant now raises no question as to the proof of prior conviction. Appellant was properly convicted of persistent violation of the intoxicating liquor law. (R. S. 21-2146.)

The judgment of the court below is affirmed.