THE CHICAGO, KANSAS & NEBRASKA RAILWAY COMPANY v. THE CITY OF MANHATTAN *et al.*

CITY BONDS *to Aid Railroad Companies — Statutes Construed.* Section 5, chapter 99, Laws of 1885, (Gen. Stat. of 1889, ¶ 797,) does not control or limit the amount of bonds to be issued under the provisions of chapter 67, Laws of 1886, (Gen. Stat. of 1889, ¶ 1305,) authorizing cities of the first and second class to issue bonds for the purpose of aiding railroad companies in securing depot grounds and terminal facilities.

*Original Proceeding in Mandamus.*

THE opinion, filed February 7, 1891, contains a sufficient statement of the case.

*John E. Hessin,* and *J. D. McFarland,* for plaintiff.

*Sam. Kimble,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This is an original action of *mandamus* to compel the mayor and council of the city of Manhattan to issue to the Chicago, Kansas & Nebraska Railway Company $15,000 of bonds of that city. The action is submitted upon an agreed statement of facts, which shows that on the 17th day of June, 1887, a petition was presented to the mayor and council of the said city of Manhattan, signed by more than two-fifths of the resident tax-payers of said city, praying that

an election be held to vote upon the question of issuing the bonds; that the mayor and council acted upon the petition and ordered the election; that proclamation was made; that on the 5th day of July, 1887, the election was held; that the returns of the votes cast at the election were canvassed, and by the canvass it was ascertained and declared that the proposition to vote the bonds had carried by a majority of twenty-two votes; that the election was held, and the bonds voted under and pursuant to chapter 67 of the Laws of 1886, commonly known as the terminal-facilities act; that all of the provisions and conditions of the act were duly complied with, and that afterward the plaintiff demanded of the defendants that they issue the bonds, which was refused.

The assessed value of all taxable property within the city of Manhattan, as shown by the assessment books and records in the office of the county clerk of the county of Riley, for the year 1886, is the sum of $594,000; for the year 1887, the sum of $607,400; for the year 1888, the sum of $723,640. The defendants refused to issue the bonds upon the ground, first, that the House and Senate Journals of 1886 show affirmatively that no law was at that time passed entitled "An act to authorize cities of the first and second class to issue bonds," etc., known as house bill No. 301; and, second, that if they issue the fifteen thousand dollars of bonds voted at the election, the bonded indebtedness of the city would then exceed ten per cent. of the value of the taxable property within the city, and that by virtue of § 5 of chapter 99 of the Laws of 1885, cities of the second class are prohibited from issuing bonds in excess of that amount. (Gen. Stat. 1889, ¶ 797.) The title of the act of 1886, in the enrolled bill on file in the office of the secretary of state, reads: "An act to authorize cities of the first and second class to issue bonds for the purpose of aiding railroad companies in securing and paying for lands and right-of-way, depot grounds, and terminal facilities." The body of the act embraces cities of the second class as well as cities of the first class.

Upon the authority of *The State ex rel. v. Francis*, 26 Kas.

724, it must be held that the title of the act of 1886 was properly agreed to, and that the act was properly passed and approved. In that case it was decided, among other things, that—

"The enrolled statute on file in the office of the secretary of state is very strong presumptive evidence of the regularity of the passage of the statute, and of its validity; and it is conclusive evidence of such regularity and validity, unless the journals of the legislature clearly, conclusively and beyond all doubt, show that the act was not passed regularly or legally."

The serious question in this case is, whether the limitation of the bonded indebtedness of a city of the second class to ten per cent. of the assessed value of its taxable property, as prescribed by § 5, chapter 99, of the Laws of 1885, (Gen. Stat. of 1889, ¶ 797,) limits the amount of the aid that may be extended to a railroad company under chapter 67, Laws of 1886, (Gen. Stat. 1889, ¶ 1305.) In 1872, the legislature of the state passed an act to incorporate cities of the second class and to repeal former acts. Section 40 of that act reads:

"At no time shall all the bonded indebtedness of any city of the second class exceed twenty per cent. of the assessed value of all the taxable property within said city, as shown by the assessment books of the year previous to the one on which the last issue of bonds was made."

In 1885, the legislature amended said § 40 so as to read:

"At no time shall the bonded indebtedness of any city of the second class exceed ten per cent. of the assessed value of all the taxable property within said city, as shown by the assessment books of the year previous to the one on which the last issue of bonds was made: *Provided*, Bonds issued for improvements for which a special tax is levied upon the property improved shall not be included in estimating said bonded indebtedness: *And provided further*, That nothing in this section shall be construed to prevent the issuing of bonds to refund existing bonded indebtedness."

The act of 1872 made no provision for cities of the second class to subscribe for stock to any railroad company, or to issue bonds for the purpose of aiding any railroad company. An examination of the various provisions of the act of 1872,

and the amendments thereto, renders it doubtful whether that act was intended to apply to any bonds except those referred to or issued under that act. We need not decide this question at this time. Chapter 67, Laws of 1886, is the latest statute, and is complete in itself. It covers the entire subject-matter therein referred to. It contains a limitation upon the amount of bonds to be issued to any railroad company. This is as follows:

"That no city of the first class shall extend aid under this act to any one railroad company to a greater amount than thirty thousand dollars, and no city of the second class shall extend aid under this act to any one railroad company to a greater amount than twenty thousand dollars: *Provided*, That aid shall not be extended to any railroad under this act which has received aid from the same city under any former act."

We think, therefore, that § 5 of chapter 99, Laws of 1885, does not control or limit the provisions of said chapter 67, Laws of 1886. ( *The State v. Studt*, 31 Kas. 245; *The State v. Comm'rs of Rush Co.*, 35 id. 150; *Quincy v. Jackson*, 113 U. S. 332; *Commonwealth v. Comm'rs of Allegheny Co.*, 40 Pa. St. 348; *Amey v. Allegheny City*, 24 How. 364.)

Upon a careful consideration of all the statutes referred to, we are of opinion that the reasons of the defendants for the refusal to issue the bonds voted are not sufficient in law.

The peremptory writ of *mandamus* will be issued as prayed for.

All the Justices concurring.