D. A. MITCHELL v. THE STATE OF KANSAS, *ex rel.*

No. 11,598. (60 Pac. 1055.)

POLICE JUDGE—*Appointed in Cities of the First Class.* The office of police judge in cities of the first class has been appointive since the enactment of chapter 123 of the Laws of 1895. (Gen. Stat. 1897, ch. 32, §§ 24, 25; Gen. Stat. 1899, § 808.)

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed May 5, 1900. Reversed.

*Sankey & Campbell*, for plaintiff in error.

*S. B. Amidon*, county attorney, and *James L. Dyer*, for The State.

The opinion of the court was delivered by

SMITH, J. : This was a proceeding in *quo warranto*, brought by the state on the relation of the county attorney, for the purpose of ousting plaintiff in erro., D. A. Mitchell, from the office of police judge of the city of Wichita. For several years prior to July 1, 1898, the police department of that city was controlled and managed by police commissioners. On that date the governor abolished the police commission and D. A. Mitchell was appointed by the mayor, and confirmed by the city council, as police judge.

He qualified, entered upon the discharge of his official duties, and has ever since been acting as such officer. He claims that his appointment was for the term of two years, which has not yet expired.

At the election for city officers held in April, 1899, candidates for police judge were voted for and E. E. Enoch was declared elected. He qualified and demanded the office from Mr. Mitchell, but the latter refused to surrender the same. This action was begun in the district court, in the name of the state on the relation of the county attorney, and judgment was rendered therein against the plaintiff in error and a finding made that he was illegally holding the office of police judge, and a writ of ouster was issued against him.

The question to be determined is whether or not, in April, 1899, the office of police judge in cities of the first class was an elective office. If not, Mr. Enoch secured no title to the office by his certificate of election and is not in a position to question the authority of Mitchell to perform its duties. Section 78 of chapter 37, Laws of 1881, provided:

"SEC. 78. That on the first Tuesday in April, A. D. 1881, there shall be elected a mayor, police judge, one councilman from each ward, who shall hold their offices for two years, and until their successors are elected and qualified. . . ."

This section is embodied in paragraph 632 of the General Statutes of 1889.

In chapter 100 of the Laws of 1887 provision was first made for the government of the police department of cities of the first class by police commissioners to be appointed by the executive council of the state. Section 2 of this act read:

"The board of police commissioners shall immediately appoint a police judge, whose term of office shall

expire on the second Tuesday of April of the next odd-numbered year following his appointment, when the new or reappointed board shall make a new appointment of the same or some other person as police judge for the next regular term of two years. . . ."

Section 16 of the same act was as follows:

"Whenever the executive council shall deem it no longer necessary to continue the government of any such city of the first or second class in the manner provided for by this act, the governor shall issue, and cause to be published in the official state paper, his proclamation to that effect, and authorizing the election of a police judge by the electors of such city at the regular city election on the first Tuesday of April of any odd-numbered year; and after such election a marshal and a sufficient number of policemen shall be appointed by the mayor, by and with the consent of the council, in like manner as if this act had never been passed; and the functions and salary of the police judge under this act shall cease and determine upon the election of such police judge and his qualification under such election. . . ."

Said chapter 100 of the Laws of 1887 was amended by chapter 181 of the Laws of 1889 (Gen. Stat. 1897, ch. 34). Section 2 of the last act read:

" SEC. 2. That section 2 of chapter 100 of the Session Laws of 1887 be and the same is hereby amended so as to read as follows: Sec. 2. The board of police commissioners shall immediately appoint a police judge, whose term of office shall expire on the second Tuesday of April of the next odd-numbered year following his appointment, when the new or reappointed board shall make a new appointment of the same or some other person as police judge for the next regular term of two years. . . ."

Section 8 of the same act reads:

" That section 16, chapter 100, of the Laws of 1887, be and the same hereby is amended so as to read as follows: Section 16. Whenever the governor shall

deem it no longer necessary to continue the government of any city by this act, the governor shall issue, and cause to be published in the official state paper, his proclamation to that effect; thereupon a police judge, a marshal and a sufficient number of policemen shall be appointed by the mayor, by and with the consent of the council, in like manner as if this act had never been passed; and the functions and salaries of the police judge under this act shall cease and determine upon the appointment of such police judge and his qualification under such appointment. . . ."

This act repealed sections 1, 2, 5, 6, 9, 10, 13 and 16 of chapter 100 of the Laws of 1887. We cannot regard the language used in section 8 of the Laws of 1889, above quoted, as having other effect than to change the office of police judge from an elective to an appointive one. Nor can it be said that under this section there was an intention to provide for a temporary appointment of police judge until the next regular city election, because the act of 1889 was amendatory of the act of 1887, which provided in specific terms that the appointment was only to be made until the next April election of the odd-numbered year. And it will be observed that under the act of 1889, providing for the appointment of a police judge when the police commission had been abolished, the provision of section 16 of the act of 1887, providing that the appointment should only continue until the next regular election, was left out.

We think counsel for defendant in error place too much emphasis and attribute too much force to the words "in like manner as if this act had never been passed," contained in section 8 of chapter 181, Laws of 1889, providing for the appointment of a police judge after the police commission had been abolished. The same words are contained in section 16 of chapter

100, Laws of 1887, providing for the election of a po-
lice judge. We do not consider that these general
words have the effect of impairing the force of the
specific direction contained in the act of 1889, requir-
ing the appointment of a police judge by the mayor,
by and with the consent of the council. It was, in
our opinion, the intention of the legislature, by the
act of 1889, to place the police department wholly in
the hands of the mayor and council after the police
commission had been abolished, and the manifest
policy was to make the mayor and council responsi-
ble for the enforcement of law within the city limits,
placing all the machinery in their hands. If there is,
however, any doubt as to whether the office of police
judge was made appointive by the act of 1889, that
uncertainty has been removed by the provisions of
chapter 123 of the Laws of 1895 (Gen. Stat. 1897, ch.
32, §§ 24, 25; Gen. Stat. 1899, § 808), which reads:

"An Act relating to election of officers of cities of first class and
amendatory of paragraph 632 of the General Statutes of 1889.

"*Be it enacted by the Legislature of the State of Kansas:*

"Section 1. That on the first Tuesday in April,
1895, there shall be elected a mayor, city clerk, city
attorney, and city treasurer, and one councilman
from each ward, who shall hold their offices for the
term of two years, and until their successors are
elected and qualified. There shall be thereafter an
annual election of one councilman from each ward,
who shall hold their office for two years and until
their successors are elected and qualified : *Provided,
however*, that the councilmen heretofore elected un-
der the provisions of the acts of the legislature relat-
ing to cities of the first class, and to such cities of the
second class as shall become cities of the first class
under the provisions of this act, shall be continued in
office for the unexpired term for which they were
elected. In case of a vacancy occurring by reason of
resignation, death or removal from office, or from the
ward from which said councilmen have been elected,

the mayor by and with the advice and consent of the remaining councilmen, may appoint some suitable elector, resident in such ward, to fill the vacancy until the next annual election for councilman. And all acts and parts of acts inconsistent herewith are hereby repealed.

"Sec. 2. This act shall be in force and take effect from and after its publication in the official state paper."

The above statute contains a legislative recognition that prior to its passage the office of police judge was not an elective one. The manifest intent of this law was to designate and clearly point out what city offices should be elective. It is urged by defendant in error that said act of 1895 cannot be given the effect of repealing section 78 of chapter 37, Laws of 1881, which provided for the election of a police judge. We cannot agree with them in this contention. The title of the act reads: "An act relating to election of officers of cities of first class and amendatory of paragraph 632 of the General Statutes of 1889." In legal effect it is the same as if the act read that the law of 1881 "is hereby amended so as to read as follows." Said paragraph 632 of the General Statutes of 1889 is section 78 of chapter 37 of the Laws of 1881, providing for the election of a police judge. The legislative intent is made clearly manifest by the title of the act above set out. We cannot ignore the language of the title, which in this case furnishes the light by which we may read the purpose of the legislature. We may apply, also, the settled rule that when a later statute covers the subject-matter of a prior one and embraces new and different provisions, indicating that it was a substitute for a prior act, it will operate as a repeal of the former without any express declaration to that effect. (*The State, ex rel., v.*

*Studt*, 31 Kan. 245, 1 Pac. 635 ; *Lawson v. Comm'rs of Reno Co.*, 47 id. 271, 47 Pac. 271 ; *The State v. Menke*, 56 id. 77, 42 Pac. 350 ; *Bagwell v. The Town of Lawrenceville*, 94 Ga. 654, 21 S. E. 903.)

We have, therefore, no doubt that at the city election in the spring of 1899, in cities of the first class, the office of police judge was not an elective one, and that said office has been appointive certainly since the enactment of chapter 123 of the Laws of 1895, which is a sufficient declaration for the purpose of this case.

The judgment of the district court will be reversed, with directions to proceed further in accordance with this opinion.