### THE CITY OF TOPEKA V. JAMES F. McCABE.

No. 15,768.   (99 Pac. 602.)

#### SYLLABUS BY THE COURT.

STATUTES—*Repeal by Implication—Municipal Officers.*  Chapter 122 of the Laws of 1903, relating to cities of the first class, by implication repeals chapter 123 of the Laws of 1903, providing for the appointment of certain officers in cities of the first class of over 40,000, because the first-mentioned statute is a later statute and covers the entire subject of cities of the first class, and was manifestly intended as a substitute for the prior act.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed January 12, 1909. Affirmed.

*F. G. Drenning,* city attorney, and *W. C. Ralston,* assistant city attorney, for plaintiff in error.

*Z. T. Hazen,* and *R. H. Gaw,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: On the 10th day of April, 1905, James F. McCabe was appointed city engineer by the mayor of Topeka for the period of two years, and entered upon the discharge of his duties. On January 14, 1907, the mayor suspended him from office. On April 1,

1907, the mayor reinstated him. Five days later he resigned the office and brought this action to recover the sum of $364.50, being his salary from the time of his suspension to the date of his resignation. These facts are admitted in the answer, which sets up that Topeka is a city of the first class, with a population of over 40,000; that the city ordinances provide that any officer shall forfeit his right to compensation for the time he is suspended; that the suspension of the plaintiff was legal under chapter 123 of the Laws of 1903, which provides that in all cities of the first class of over 40,000 certain officers referred to therein, including city engineer, shall hold office during the pleasure of the mayor. The trial court rendered judgment on the pleadings in favor of the plaintiff. The city brings error.

If the suspension of the plaintiff was not authorized by chapter 123 it is conceded that the judgment should be affirmed. Chapter 123 of the Laws of 1903 was passed March 7, approved March 9, and published March 13, 1903. It is very brief, and merely provides that in cities of the first class having a population of over 40,000 the mayor may appoint the city engineer, city counselor, chief of police and certain other officers, who shall hold their offices during the pleasure of the mayor.

Chapter 122 was passed at the same session, March 10, approved March 13, and published March 18, 1903. It is the latest expression of the legislature, and the contention is that it repeals chapter 123 expressly, and also by implication. The title of the act is as follows:

"An act relating to cities of the first class, and repealing chapter 37 of the Laws of 1881 and all acts amendatory and supplemental thereto, and chapter 82, Laws of 1897, and all acts amendatory and supplemental thereto, in so far as the same relate to cities of the first class."

Section 201 is the repealing section and follows the

Topeka v. McCabe.

language of the title. The act itself does not expressly repeal chapter 123, but it does so by implication. It covers sixty-five pages of the session laws, and takes up the entire subject of cities of the first class and pro-- vides for their government and control. Section 19 reads as follows: "The term of all elective or appoint- ive officers shall be two years and until their successors are elected and qualified." It is true that repeals by implication are not favored, but this rule has no appli- cation where the later statute is obviously intended to cover the entire subject-matter of the prior act, and its provisions are manifestly intended as a substitute therefor. (*The State, ex rel., v. Studt,* 31 Kan. 245, 1 Pac. 635; *Bartlett, Treas., v. A. T. & S. F. Rld. Co.,* 32 Kan. 134, 4 Pac. 178; *C. K. & N. Rly. Co. v. City of Manhattan,* 45 Kan. 419, 25 Pac. 879; *The State v. Menke,* 56 Kan. 77, 42 Pac. 350; *Mitchell v. The State,* 61 Kan. 779, 60 Pac. 1055; *The State v. Knoll,* 69 Kan. 767, 77 Pac. 580; *Belleville v. Wells,* 74 Kan. 823, 88 Pac. 47.)

Chapter 122, which took effect five days after chapter 123, expressly declares that "all cities of the first class shall be governed by the provisions of this act." (§ 2.) The earlier act applies only to cities of more than 40,000. The later act applies to all cities of the first class, regardless of population, and it was evidently the intention of the legislature thereby to create a charter for all cities of the first class which should be a substi- tute for all prior acts in relation to such cities.

While it is within the power of the legislature to make a classification of cities based upon population, no very good reason can be suggested why the tenure of appointive offices in cities having a population of over 40,000 should be at the pleasure of the mayor and in all other cities of the first class should be two years. If either law is to be favored it should be the one which imputes to the legislature an attempt to give to all cities of the first class uniform laws, and thereby conform to

the spirit and intent of the constitution. In this case, however, we have no hesitation in concluding that it was the intention of the later act to repeal the former.

The judgment is affirmed.