THE STATE OF KANSAS, *ex rel. Fred S. Jackson, as Attorney-general,* v. H. W. COX.

No. 16,164.   (99 Pac. 1128.)

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*Special Act.* Section 17 of article 2 of the constitution of this state, as amended in 1906, is prospective, and does not apply to laws enacted prior to its adoption. Therefore this court is not required to determine whether · laws passed before the adoption of such amendment are in violation of such constitutional provision or not.

Original proceeding in *quo warranto.* Opinion filed February 6, 1909. Judgment for defendant.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State; *W. L. Wood,* and *J. W. Jenkins,* of counsel.

*W. H. Littick,* and *Nathan Cree,* for defendant.

The opinion of the court was delivered by

GRAVES, J.: This is an original action brought by the attorney-general to oust the defendant from exercising the duties of the office of public administrator of Wyandotte county. At the session of the legislature held in 1903 an act was passed creating the office of public administrator for Wyandotte county and prescribing the duties of such office. (Laws 1903, ch. 199.) At the regular election of 1906 the defendant was duly elected to such office and duly qualified and entered upon the discharge of his duties as such officer, and was in the exercise of such duties when this action was commenced.

The state contends that the law is invalid because it violates section 17 of article 2 of the constitution of the state. That section, when the law in question was enacted, read:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable no special law shall be enacted."

The title of the act under which the defendant was elected reads:

"An act providing for a public administrator in Wyandotte county, specifying the cases in which he shall have authority to act as administrator of the estates of deceased persons, and defining his powers, duties and liabilities as such." (Laws 1903, ch. 199.)

From this it will be seen that the provisions of the act were intended to be, and are, confined to the county of Wyandotte. The section of the constitution quoted had at the time the act in question was passed been the law of the state ever since the constitution was adopted. This court, in the case of the *State of Kansas ex rel. Johnson v. Hitchcock,* 1 Kan. 178, speaking through Mr. Chief Justice Ewing, said:

"We understand this section of the constitution as leaving a discretion to the legislature, for it would be difficult to imagine a legislative purpose which *could not* be accomplished under a general law. If it be possible, as we think it is, to frame a general law under which the purpose of any special law could be accomplished, then that provision of the constitution, if literally construed, would absolutely prohibit all special legislation. Such is not its purpose. It recognizes the necessity of some special legislation, and seeks only to limit, not prohibit it." (Page 184.)

The rule that the legislature had the right to determine for itself whether or not an act was in compliance with this section of the constitution was adhered to by this court in many subsequent decisions. In the exercise of this power by the legislature special legislation increased year after year, until it became intolerable, and the people, in 1906, amended this section of the constitution so as to confer the power of determining whether or not a law is repugnant to this provision of the constitution upon the courts of the state. This section, as amended, reads:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable no special law

shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state."

The state insists that under the power conferred by the amended section this court should now hold that the law in question is invalid. We do not think, however, that the people intended, by this amendment, to authorize a violation of the rule which has been acquiesced in and acted upon by the legislature, the courts and the people for nearly a half century; to do so would unsettle and disturb important rights which have rested secure for years upon the law as heretofore declared. If such had been the intention, it would have been clearly indicated. Laws will always be construed to be prospective, unless an intent to the contrary clearly appears. (26 A. & E. Encycl. of L. 693; 2 Bouv. Law Dict. p. 918.)

In our view the duty of the courts under the amended constitutional provision is limited to laws enacted after the amended section was adopted. (*Anderson v. Cloud County*, 77 Kan. 721, 95 Pac. 583; *Stephens v. Labette County, ante,* p. 153.) Chapter 199 of the Laws of 1903, having been enacted prior to the adoption of the amendment to section 17 of article 2 of the constitution, will be governed by the constitutional rule existing at the time of its passage. We therefore decline to consider whether the act is repugnant to the provisions of section 17 of article 2 of the constitution or not.

The writ is denied.