THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY, *Appellant*, v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF NEOSHO et al., *Appellees*.

No. 17;900.

SYLLABUS BY THE COURT.

SPECIAL LAW—*Relating to Bridges—Unconstitutional.* Chapter
88 of the Laws of 1907, purporting to amend section 1 of
chapter 88 of the Laws of 1905, relating to the building of
certain bridges in Neosho county, is a special act the purpose
of which could be effected by a general law and must, there-
fore, be held to be repugnant to section 17 of article 2 of the
constitution, although the act which it purports to amend is a
valid special law.

Appeal from Neosho district court. Opinion filed
April 12, 1913. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A.
Scott,* all of Topeka, for the appellant.

*E. W. Grant,* county attorney, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The commissioners of Neosho
county levied a tax upon the property in the county to
pay for certain bridges which were built in pursuance
of the authority given by chapter 88 of the Laws of
1907. The appellant, the Atchison, Topeka & Santa
Fe Railway Company, challenged the legality of the tax
levied against its property for that purpose and, having
paid the same under protest, brought this action to
recover $690.52, the amount of the bridge tax. Upon a
demurrer to its petition the trial court held that the
tax was valid and from its decision an appeal was
taken.

The right of recovery depends upon the validity of
the act under which the tax was levied. The ground of
attack is that the act is special legislation and re-

14—89 KAN.

pugnant to section 17 of article 2 of the constitution. It applies only to Neosho county and only purports to affect three of the bridges of that county. It is obviously special in its nature and is undoubtedly a case in which a general law could be made applicable. Counsel for appellee concedes the contention that the act is local and special in form and purpose and frankly says that if it had originated since section 17 of article 2 of the constitution had been amended it would be clearly invalid. It is insisted, however, that the act can not be regarded as new legislation, but merely as an amendment of section 1 of chapter 88 of the Laws of 1905, and that chapter was enacted before the adoption of the amendment of 1906, which gave the courts the final determination of the question whether a general law was applicable and could have accomplished the purpose for which a special law was enacted. It has been decided that this constitutional amendment is prospective in its operation and does not apply to laws enacted prior to its adoption. (*The State v. Cox*, 79 Kan. 530, 99 Pac. 1128.) The special act of 1905 must, therefore, be treated as a valid law, and it is contended that an enactment, confessedly special in its nature, may, at this time, be added to or substituted for some or all of the sections of a valid special law by way of amendment. The original act of 1905 provided that three bridges should be erected at certain points in Neosho county at a cost of $6000 each. To obtain funds for the building of the bridges, authority was given to the county commissioners to levy taxes and issue warrants. In 1907 the first section of the law of 1905 was taken out of the act, and there was substituted for it another act which authorized the building of one of the bridges at a cost of $12,000, and each of the other two at a cost of $6000. It thus appears that a change was made in one of the substantial provisions of the act, and the section for which the new act is a substitute was ex-

pressly repealed.   However, it is immaterial to what extent the act of 1907 amends that of 1905, or whether the amended act is to be inserted in and treated as a part of the former.   The later act embodies new legislation.   It is admitted to be special legislation.   No special legislation is excepted from the limitation of the constitution.   The effect of the limitation can not be avoided by dressing special legislation in the garb of an amendment to an earlier act.   We have a multitude of special acts relating to a great variety of subjects which were passed prior to the recent amendment to the constitution, and if it were held that these could be amended by special legislation the amendment would have little effect.   The legislature may amend statutes by substituting one provision for another, whether cognate or not, providing the new provision comes fairly within the subject expressed in the title of the earlier act.   If the theory of appellees were adopted it would be comparatively easy, therefore, for the legislature to achieve its ends in great part by special legislation and in that way defeat the purpose of the constitutional restriction which was intended to prohibit the doing of anything by a special act which can be effected by a general law.   If the other view were taken it would, in effect, mean that the legislature might accomplish any of its purposes by a special act, including those which could be effected by a general law, providing they were disguised as amendments of existing statutes. That the purpose sought to be accomplished by the special act in question can be reached by a general law is demonstrated in *Anderson v. Cloud County*, 77 Kan. 721, 95 Pac. 583.   It was there said:

"To enact a general law on the subject, giving to boards of county commissioners in every county in the state authority to build or remove bridges, appropriate funds and issue bonds to meet the expense thereof under such restrictions and limitations upon their authority in the premises as the legislature may deem

wise and salutary, would not require more than ordinary skill in the science of legislation." (p. 735.)

The act, being special legislation, violates the constitutional limitation, and hence it furnished no authority for the levy of the bridge tax which appellant was compelled to pay. The judgment will, therefore, be reversed and the cause remanded with the direction to overrule the demurrer to the petition of appellant.