The State, *ex rel.*, v. City of Salina.

No. 22,990.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, *Plaintiff*, v. THE CITY OF SALINA et al., *Defendants*.

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*An Enrolled Bill Imports Absolute Verity Unless Affirmatively Impeached by Legislative Records.* An enrolled bill, that is fair on its face, imports absolute verity and is conclusive evidence of its passage and of its validity, unless the journals of the legislature show affirmatively, clearly, conclusively and beyond all doubt that it was not passed regularly and legally; but, if it shows that it was not approved by the governor until forty-nine days after the legislature had adjourned, and facts of which the court must take judicial notice rebut every presumption that may be resorted to for the purpose of sustaining the act, it must be held invalid.

Original proceeding in mandamus.   Opinion filed January 19, 1921.   Writ denied.

*Richard J. Hopkins*, attorney-general, for the plaintiff; *Robert Stone, E. H. Gamble, George T. McDermott* and *Robert L. Webb*, all of Topeka, of counsel.

*G. A. Spencer*, city attorney, *C. W. Burch, B. I. Litowich* and *La Rue Royce*, all of Salina, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in mandamus to compel the city of Salina and its mayor and councilmen to procure a site and issue bonds for the erection of a military memorial under chapter 279 of the Laws of 1919. C. W. Burch has been granted permission to intervene.

The validity of chapter 279 is attacked on the ground that it was not presented to the governor for approval until May 10, 1919, forty-nine days after the legislature had adjourned *sine die*.

The history of that chapter is as follows: It was introduced February 21, 1919, as house bill No. 690 (House Journal, 1919, p. 295), and was referred to the committee of the whole (House Journal, 1919, p. 310), which proposed two amendments and recommended that the bill be passed as amended. (House Journal, 1919, p. 464.)   The bill as amended passed the house (House Journal, 1919, p. 481), and was messaged to

The State, *ex rel.*, v. City of Salina.

the senate (Senate Journal, 1919, p. 383), where it was referred to the senate committee on military affairs. (Senate Journal, 1919, p. 399.) That committee reported the bill back with the recommendation that it be passed. (Senate Journal, 1919, p. 452.) The senate substituted house bill No. 690 for senate bill No. 503 and proposed certain amendments which are set out in the journal. (Senate Journal, 1919, pp. 482, 484.) It was passed as amended (Senate Journal, 1919, p. 485), and was reported back to the house. (House Journal, 1919, p. 592.) The house nonconcurred in the senate amendments and asked for a conference to which the senate acceded. (House Journal, 1919, pp. 638, 646.) The conference committee rejected the senate amendments and proposed others which appear in the house journal, page 652, and the senate journal, pages 527, 528. The conference report was adopted on March 17, 1919, by each house. (House Journal, 1919, p. 653; Senate Journal, 1919, p. 528.)

The house journal, page 749, shows that the clerk on enrolled bills reported that he had—

"Compared the engrossed copies with the enrolled bills, and I am directed to report to the House that the same are correctly enrolled, that they have been properly signed by the president and secretary of the Senate and the speaker and chief clerk of the House, and have been presented to the Governor for his approval, this 20th day of March, 1919."

The bill was not engrossed. Page 750 of the house journal shows that the governor approved house bill No. 690 on March 22, 1919. One enrolled bill, purporting to be house bill No. 690, appears on file in the office of the secretary of state with the following indorsements:

"I hereby certify that the above Bill originated in the House, and passed that body March 7th, 1919.

"House adopted conference report March 17th, 1919.

W. P. LAMBERTSON,
*Speaker of the House.*
CLARENCE W. MILLER,
*Chief Clerk of the House.*

"Passed the Senate March 14th, 1919.

"Senate adopted conference report March 17th, 1919.

CHAS. S. HUFFMAN,
*President of the Senate.*
EMMET D. GEORGE,
*Secretary of the Senate.*"

"Approved March 22, 1919.        HENRY J. ALLEN, *Governor.*

"House Bill No. 690.

"Received in the office of Secretary of State at 10:45 o'clock a. m., March 22nd, 1919.        L. J. PETTIJOHN, *Secretary of State.*

"I hereby certify that this law was published in the official state paper on the 7th day of April, 1919. . L. J. PETTIJOHN, *Secretary of State.*"

That enrolled bill, the original of which is on file in the office of the secretary of state, is the bill as amended by the senate, in which amendments the house refused to concur and on which a conference committee was appointed. It affirmatively appears that the enrolled bill, approved by the governor March 22, 1919, was not passed by the house. That, however, is not the act published as chapter 279 of the Laws of 1919. The journals of the house and senate disclose that chapter 279 is house bill 690 as it was adopted and passed by the house and senate upon the recommendation and report of the conference committee. This bill, also enrolled as house bill No. 690, is on file in the office of the secretary of state and bears the same indorsements showing its passage by the house and senate as the one approved by the governor March 22, 1919. The indorsements showing the date of its approval by the governor and of its being received in the office of the secretary of state are as follows:

"Approved May 10, 1919.        HENRY J. ALLEN, *Governor.*

"House Bill No. 690.

"Received in the office of Secretary of State at 11:40 o'clock a. m., May 10th, 1919.        L. J. PETTIJOHN, *Secretary of State.*"

The latter enrolled bill shows on its face that it was not approved by the governor until May 10, 1919. The legislature adjourned *sine die* on March 22, 1919.

Our constitution (Art. 2, § 14) requires that—

"Every bill and joint resolution passed by the house of representatives and senate shall, within two days thereafter, be signed by the presiding officers, and presented to the governor; if he approve, he shall sign it; but if not, he shall return it to the house of representatives . . . If any bill shall not be returned within three days (Sundays excepted) after it shall have been presented to the governor, it shall become a law in like manner as if he had signed it, unless the legislature, by its adjournment, prevent its return, in which case it shall not become a law."

The state urges it be presumed that the bill which passed the legislature was properly enrolled and presented to the

governor within the time fixed by the constitution, and, that he either then approved it, or, that it became a law without his approval because he had retained it more than three days without returning it to the house of representatives.

The state relies on the rule declared in *The State v. Andrews*, 64 Kan. 474, 67 Pac. 870, where this court said:

"An enrolled statute imports absolute verity and is conclusive evidence of the passage of the act and of its validity, unless the journals of the legislature show affirmatively, clearly, conclusively and beyond all doubt that the act was not passed regularly and legally, and this rule applies to the title as well as to the body of the act. The cases of *Homrighausen v. Knoche*, 58 Kan. 646, 50 Pac. 879, and *In re Taylor*, 60 id. 87, 55 Pac. 340, followed." (Syl. ¶ 1.)

(See, also, *The State, ex rel., v. Francis, Treas'r*, 26 Kan. 724, 731; *In re Vanderberg, Petitioner, &c.*, 28 Kan. 243; *Stephens v. Labette County*, 79 Kan. 153, 98 Pac. 790; *Ziegler v. Junction City*, 90 Kan. 856, 136 Pac. 223.)

The rule that an enrolled bill imports absolute verity and is conclusive evidence of its passage and of its validity cannot be used for the purpose of upholding a bill which shows on its face that the constitutional requirements have not been complied with. If we undertake to presume that the bill published in the session laws was presented to the governor within the time required by the constitution, we are confronted with an enrolled bill, bearing house No. 690, on file in the office of the secretary of state, which shows that it was approved by the governor within proper time, March 22, 1919, but which had not passed both branches of the legislature. The presence of that enrolled bill with the indorsements thereon, clearly rebuts the presumption that the bill now under consideration was presented to the governor within proper time. It also rebuts the presumption that chapter 279 of the Laws of 1919 became a law without the approval of the governor.

Presumptions cannot be resorted to for the purpose of overcoming the recital of the date on which the governor approved the bill. The presumption is that he approved it May 10, 1919. In addition to this, it was filed in the office of the secretary of state on that day. The date of approval as found on the corrected enrolled bill must control as against any presumption that the governor signed the bill within the time fixed by the constitution.

The State, *ex rel.,* v. City of Salina.

Authorities are cited by the state upholding laws approved by governors after legislatures had adjourned, but within the times fixed by the several constitutions for approval. One case has been cited where the governor, after the time fixed by the constitution for the approval of a bill, signed it, but the supreme court of that state held the law invalid for the reason that it had not been signed within the required time. (*Solomon v. The Commissioners of Cartersville,* 41 Ga. 157.)

The state cites *Dow v. Beidelman,* 49 Ark. 325, in support of the proposition that a corrected enrolled bill may be presented to the governor after the adjournment of the legislature and be then approved by him and become a law. The first paragraph of the syllabus in that case reads:

"An act was regularly passed by both houses of the General Assembly; but in its enrollment, two provisions which had been reported by a conference committee and incorporated in the act by way of amendment, were omitted. In this form the act was sent to the Governor, and was by him approved on March 30th. The next day the Legislature adjourned. After the adjournment the omissions were discovered. A correct enrollment was then made and the bill, signed by the President of the Senate and Speaker of the House, was again laid before the Governor, who approved it on April 4th. *Held:* That the Constitution (art. 6, sec. 15) does not require all bills to be presented to the Governor before the adjournment of the Assembly, and the first presentation of the bill being ineffectual, because it was not the same that had been passed, the legislative officers had the power after the adjournment to submit to the Governor for his approval a correct enrollment of the bill, as it was passed."

The constitution of Arkansas did not require that the bill be presented to the governor within any specified time after its passage; therefore, the Arkansas case is of no persuasive force whatever.

Every presumption that might be resorted to for the purpose of upholding chapter 279 of the Laws of 1919 is rebutted by facts of which the court must take judicial notice.

The writ is denied.

BURCH, J., not sitting.