No. 24,714.

W. C. Robinson, *Appellant,* v. The City of Winfield, *Appellee.*

SYLLABUS BY THE COURT.

1. Constitutional Law—*Private Rights Vested by Judgment of Court Can-' not Be Taken Away by Subsequent Legislation—Public Rights May Be Annulled by Subsequent Legislation.* Private rights of parties which have been vested by the judgment of a court cannot be taken away by subsequent legislation; but a public right, even after it'has been established by the judgment of a court, may be annulled by subsequent legislation.

2. Same—*Chapter 80, Laws of 1921, is Valid Exercise of Legislative Power.* Chapter 80 of the Laws of 1921, validating proceedings previously had in accordance with chapter 279 of the Laws of 1919, is not invalid as being an unlawful exercise of legislative power.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed October 6, 1923. Affirmed.

*L. D. Moore,* of Winfield, for the appellant.
*S. C. Bloss,* of Winfield, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a suit to enjoin proceedings for the erection of a soldiers' memorial at Winfield. There was judgment for defendant and plaintiff has appealed. The suit involves the interpretation of chapter 279 of the Laws of 1919, and chapter 80 of the Laws of 1921. Chapter 279 of the Laws of 1919 attempted to authorize and empower counties and municipalities to erect military memorials, to condemn sites therefor, and to issue bonds to pay for the site and for the erection of the memorial or to levy a tax therefor. It provided for the submission of the proposition to a vote of the county or municipality as to whether or not the county or city should issue the bonds or levy a tax in the specified sum, and also to submit at the election the selection of a site for the memorial. The statute further provided that the site should be procured by condemnation by making application to the judge of the district court; and the county or municipality should have authority to exercise the right of eminent domain in the manner provided by sections 2559 to 2561 of the General Statutes of 1915. The validity of this statute was brought into question in the case of *The State, ex rel., v. City of Salina,* 108 Kan. 271, 194 Pac. 931, and it was

there held that the statute was invalid because of fatal defects in its enactment. Chapter 80 of the Laws of 1921, enacted after the decision in the case of *The State, ex rel., v. City of Salina,* supra, attempted to validate and legalize all proceedings previously had under chapter 279 of the Laws of 1919.

In March and April, 1920, the city of Winfield, through its proper officers, proceeding in conformity to the provisions of chapter 279 of the Laws of 1919, held an election and authorized the issuance of bonds in the sum of $132,000 for the condemnation of a site and the erection of a military memorial, and also selected the property of the plaintiff as the site for the proposed memorial, and was, at the time of the commencement of this action, about to proceed with the issuance of the bonds and the condemnation of plaintiff's property. In this case it is conceded that the officials have authority to do so if the statutes above mentioned are valid, and this question really resolves itself into the question of whether or not chapter 80 of the Laws of 1921 is valid.

Appellant contends that the effect of chapter 80 of the Laws of 1921 was to overrule the decision of this court in the Salina case, 108 Kan. 271, and that under our system of government, in which we have the executive, legislative and judicial branches, each coördinate with the other, the legislature has no authority to enact a statute which overrules the final judgment of the supreme court of the state, and he cites the case of *People v. Owen,* 286 Ill. 638, 3 A. L. R. 447, and authorities there cited, which case holds, "The legislature cannot validate the organization of a high-school district after it has been declared void by final judgment of a court of competent jurisdiction." This case evidently overlooks the distinction between an act of the legislature validating proceedings held void by a court which are public in their nature, and those which affect private rights only. In the somewhat similar case of *Hodges v. Snyder,* decided by the supreme court of the United States, April 9, 1923, 43 Sup. Ct. Rep. 435, arising from South Dakota, it was held:

"Private rights of parties which have been vested by the judgment of a court, cannot be taken away by subsequent legislation, but must be thereafter enforced by the court regardless of such legislation. A public right may, even after it has been established by the judgment of a court, be annulled by subsequent legislation and cannot be thereafter enforced. . . ."

This is a distinction which has always been recognized, as shown

by the authorities cited in the case last mentioned. Applying it to the case before us, it is clear that the proceedings of the city of Winfield for the establishment of a military memorial and the voting of bonds therefor is of a public nature and one in which the appellant is interested in common with other citizens of the city.

But appellant contends that the proceedings are personal as to him for the reason that his property was selected for the site of the memorial, and that the effect of the judgment of this court in the Salina case was to clear that property of any cloud which might have been cast thereon by reason of the proceedings taken and to leave him with an absolute vested right and title to the property, free from such cloud, which vested right is affected by the validating statute of 1921. This argument overlooks the fact that as against the public an individual has no vested right in property which prevents it from being taken for a public use by condemnation proceedings under the power of eminent domain. His property, like the property of every individual, has always been subject to the right and power of the public to take it for public purposes by a procedure which would give him full and fair compensation for it. Hence, his title to his property has not been changed or affected in any way by the validating statute.

Some other points are discussed, but they do not require special attention. This court has repeatedly held that it is competent for the legislature to provide for the calling of an election upon the petition of a specified per cent of the electors or taxpayers for voting bonds or selecting sites for public improvements, and that irregular or unauthorized proceedings of the people or public officials may be validated by subsequent legislative enactment. This statute is not like the one held void in *Comm'rs of Wyandotte County v. Abbott,* 52 Kan. 148, 34 Pac. 416. There the petitioners directed the improvement to be made. Here all the petitioners do is to initiate the proceedings. The electors of the city determine whether the improvement shall be made and where and the amount to be expended therefor, and how it shall be raised.

The judgment of the court below is affirmed.