No. 33,157

In the Matter of the Application of J. W. NAFF for a Writ of Mandamus against IRA HARPER, County Clerk of Crawford County.

No. 33,179

L. G. BRISBIN, *Plaintiff*, v. IRA L. HARPER, as County Clerk of Crawford County, *Defendant*.

(61 P. 2d 129)

No. 33,157.

*Thomas D. Winter*, of Girard, for the appellant.

*Jo E. Gaitskill*, of Girard, and *E. V. Bruce*, county attorney, for the appellee.

No. 33,179.

*C. O. Pingry* and *Carl Pingry*, both of Pittsburg, for the plaintiff.

*E. V. Bruce*, of Pittsburg, for the defendant.

Opinion filed October 10, 1936.

The opinion of the court was delivered by

THIELE, J.: In both of the cases herein considered, the judgments of this court were delivered with announcement that written opinion would be formulated and later filed.

J. W. Naff instituted proceedings for a writ of mandamus in the district court of Crawford county, and from an adverse judgment appeals to this court. L. G. Brisbin filed an original proceeding for a writ of mandamus in this court. Both cases are against the same officer and seek the same relief, and we therefore ordered the two submitted together.

There is no dispute of fact involved. At the general election in 1932, W. P. Johnson was elected county commissioner for district No. 1, Crawford county. At an appropriate time prior to June 20, 1936, Naff attempted to file his declaration of intention to become a candidate for the above office on the Democratic ticket, and Bris-

bin attempted to file his similar declaration on the Republican ticket. The county clerk refused to accept either declaration on the ground that under the provisions of Laws 1903, chapter 165, the term of such office is six years and that there is no expiring term to be filled at the general election in 1936. These proceedings for a writ of mandamus followed.

The sole question presented is the length of term of office of county commissioner in Crawford county, that is, whether the term is four or six years. The answer depends on the force and effect given to the sections of the constitution and to certain statutes hereafter mentioned.

Under our constitution as originally adopted, all county officers held their offices for a term of two years (art. 9, sec. 3). This section was amended in 1876 to provide that county commissioners should hold their offices for a term of three years. We need not note the various acts passed conformable to the above amendment, but notice only that under Laws 1901, chapter 129, provision was made for commissioner districts, qualification and election of county commissioners, the term of office being fixed at three years. Prior to 1901, our constitution provided for annual elections (art. 4, sec. 2). The legislature in 1901 submitted an amendment of this article of the constitution which was adopted in 1902, and which provided for biennial elections. This amendment provided in part:

"All county and township officers shall hold their offices for a term of two years and until their successors are qualified: *Provided,* One county commissioner shall be elected from each of three districts, numbered 1, 2, and 3, by the voters of the district, and the legislature shall fix the time of election and the term of office of such commissioners; such election to be at a general election, and no term of office to exceed six years," etc.

The effect of this amendment was to eliminate article 9, section 3 above mentioned. At the succeeding session of the legislature, Laws 1903, chapter 233 was enacted. It provided for the election of county commissioners, and repealed section 2 of chapter 129, Laws 1901, pertaining thereto. Under it, provision for election at specified times was made, and it was further provided:

"All county commissioners shall hold for a term of four years from the second Monday of January next after their election," etc.

This act was approved March 7, 1903, and took effect upon its publication in the statute book. At the same session, the legislature enacted Laws 1903, chapter 165. It provided for the election of

county commissioners in Crawford county, and referred solely to that county. In form it was substantially like chapter 233, except that it provided the county commissioners should hold for a term of six years. This act was approved March 12, 1903, and took effect on publication in the statute book. When the statutes were revised in 1923, there was included as originally enacted Laws 1901, chapter 129, sections 1, 3 and 4, the same now appearing as R. S. 19-201, 19-203 and 19-204. Laws 1903, chapter 233, above referred to as amending Laws 1901, chapter 129, section 2, was revised and re-written, and as enacted appears as R. S. 19-202. And, finally, to complete the legislative history, it should be noted that Laws 1903, chapter 165 was repealed by Laws 1935, chapter 145.

On behalf of the petitioners, it is contended that Laws 1903, chapter 165 is unconstitutional, or if not, that it was repealed by implication in the revision of the statutes in 1923, or if otherwise valid, the holder of the office had no vested right therein and the repeal of the chapter in 1935 cut off the term of office and it is to be filled under the general law. Defendant justified his refusal to accept the declarations on the ground that Laws 1903, chapter 165 was a special act which did not offend against any provision of the constitution; that being a special act it was not included in the revision of 1923 nor repealed by the provisions of R. S. 77-105 and 77-114 nor by implication; that, under Laws 1935, chapter 145, no provision was made for elimination of any part of the term of the county commissioner elected at the general election in 1932, and that a county commissioner having been elected in district No. 1 in 1932 under a valid special act, his term of office would not expire until January, 1939, and, therefore, there was no term of office ending in January, 1937, to be filled by election in 1936 and for which declarations of intention to become a candidate could properly be filed.

Considerable space is given in the briefs to the question whether the act pertaining only to Crawford county is a law of a general nature or a special act. It may be briefly noted that prior to its amendment in 1906, article 2, section 17 of our constitution provided that:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted."

In this circumstance it was held that whether the purpose could be accomplished by general act was for the legislature to decide. (*State, ex rel., v. Sanders,* 42 Kan. 228, 233, 21 Pac. 1073; *Hughes*

*v. Milligan*, 42 Kan. 396, 399, 22 Pac. 313; *Comm'rs of Barber County v. Smith*, 48 Kan. 331, 334, 29 Pac. 559, 565.) In 1906 this section was amended by adding the following clause:

"and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of this state."

In *Stephens v. Labette County*, 79 Kan. 153, 98 Pac. 790, and *State v. Cox*, 79 Kan. 530, 99 Pac. 1128, it was held that as to prior enacted legislation, the amendment did not have retroactive effect. But as we view the matter, the constitutional validity of the Crawford county act need not be determined on the basis of whether it is an act of a general nature, or a special act, although if it is of general nature, it would seem under *Darling v. Rodgers*, 7 Kan. 592, and *Robinson v. Perry*, 17 Kan. 248, it would offend against the constitution. Of course, if it be conceded to be a special act, and no other elements are to be considered, the question of necessity was for the legislature, although had it been passed subsequent to 1906, it would have been for the courts.

We prefer to determine the matter from an examination of the constitutional requirements of article 4, section 2 and the section it amended or superseded. Under this section as it now exists, the legislature is enjoined to fix the time of the election and the term of office, but the election has to be at a general election and the term cannot exceed six years. This section did not confer on the legislature any power to classify the counties of the state, fixing varying terms of office in the different classifications. As has been noted, originally county commissioners held office for two years, then for three years, and when the constitution was amended in 1902 all that was intended was that thereafter the legislature should fix the term. The amendment meant no more than that the legislature was authorized to enact one act of state-wide effect providing for the election of county commissioners by districts, each commissioner to be elected at designated general elections and for specified terms not in excess of six years. It is apparent that had the legislature fixed the term of office at two years, each district would have to elect a new commissioner at each general election, but if a longer term was fixed, dependent on its length, elections would have to be at varying intervals thereafter. The legislature carried out the constitutional mandate by the enactment of Laws 1903, chapter 233, a law of state-wide effect. While the legislature had power thereafter to amend that act and provide for a different term of office,

the change had to affect every commissioner district in the state; it was without power to prescribe varying terms of office in different counties. It therefore makes no difference whether Laws 1903, chapter 165, be denominated a special act or an act of a general nature. Under article 4, section 2 of the constitution, there was no room for its enactment.

If it be conceded for the purpose of argument that Laws 1903, chapter 165, was a special act validly enacted, then it would become necessary to consider it, Laws 1903, chapter 233, and the changes made by the revision of 1923. In that revision, section 1 of chapter 233 was rewritten, and as rewritten provides for the composition of the board of county commissioners and the term of office of the members, and now appears as R. S. 19-202. Assuming the legislature had any power to classify counties and provide varying length of terms, no such power was attempted to be exercised in the above revision, and there are no exceptions of any kind therein. The last expression of the legislature leaves all counties in the same situation. It is argued, however, that Laws 1903, chapter 165, is a special act, that the repealing section in the revision (R. S. 77-114) refers only to acts of a general nature, that there is no specific repeal prior to Laws 1935, chapter 145 (enacted after present incumbent was elected); that repeals by implication are not favored, and therefore under Laws 1903, chapter 165, the election of the present incumbent in 1932 gave him a six-year term, hence there is now no vacancy. It is conceded that repeals by implication are not favored (*Voran v. Wright,* 129 Kan. 1, 281 Pac. 938; id. 129 Kan. 601, 284 Pac. 807), but where a later act covers the same subject as the earlier act but makes provisions which are inconsistent and irreconcilable with the earlier act, it has been held there was repeal by implication. In *Topeka v. McCabe,* 79 Kan. 329, 99 Pac. 602, it was said:

"It is true that repeals by implication are not favored, but this rule has no application where the later statute is obviously intended to cover the entire subject matter of the prior act, and its provisions are manifestly intended as a substitute therefor (citing cases)." (p. 331.)

In *Arkansas City v. Turner, State Auditor,* 116 Kan. 407, 226 Pac. 1009, it was held:

"Where conflicting and irreconcilable provisions of prior legislative acts are included in a revision and codification of the general statutes, the legislative history of the separate conflicting acts should be traced, and the later enactment is to be regarded as the existing law, and the older of the conflicting and repugnant provisions, although carried forward into a revision of the general

statutes which was adopted and approved by the legislature, is to be considered as repealed by implication." (Syl. ¶ 2.)

Also, see *Howard v. Hulbert,* 63 Kan. 793, 66 Pac. 1041; *In re Moseley's Estate,* 100 Kan. 495, 164 Pac. 1073; *State, ex rel., v. Davis,* Governor, 116 Kan. 663, 229 Pac. 757.

We do not find it necessary to discuss the repeal effected by Laws 1935, chapter 145. We conclude that had Laws 1903, chapter 165 been otherwise free from attack, it was repealed when the revision of the statutes was enacted in 1923.

It follows that the election of W. P. Johnson as county commissioner of district No. 1, Crawford county, in 1932, was for a term of four years only and that his successor must be elected at the general election in 1936. Therefore, candidates for nomination are entitled to have their declarations of intention filed.

In the action instituted by Naff and appealed to this court, the judgment of the trial court is reversed and the cause remanded with instructions to grant the writ of mandamus.

In the action instituted by Brisbin in this court, the writ is allowed.